UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WINWEAR LIMITED,

                                      Plaintiff,

                                                                                                       **ORDER**
            -against-                                                    22-CV-5418-CBA-SJB

NORTH SOUTH US INC.,
    *doing business as North South Trading*,
    *doing business as North South LLC*,
MOHAMMED N. ISLAM,
CITI FREIGHT LOGISTICS INC.,
DOES 1–10, INCLUSIVE,
                                      Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

        Defendants North South US Inc. ("North South") and Mohammed N. Islam ("Islam") filed a motion to vacate default on May 9, 2023. (Mot. to Vacate, Dkt. No. 36). The Clerk entered default against North South on November 1, 2022, (Clerk's Entry of Default, Dkt. No. 15), and default against Islam on March 7, 2023. (Clerk's Entry of Default, Dkt. No. 27). Plaintiff Winwear Limited ("Winwear") then dismissed its claims against Islam on April 14, 2023. (Notice of Voluntary Dismissal, Dkt. No. 31). The motion to vacate is therefore denied as moot as against Islam.

        With respect to North South, the Court grants the motion to vacate. North South has established that the factors set out in *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), namely "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented," weigh in favor of granting the motion. As to the first factor, willfulness "refer[s] to conduct that is more than merely negligent or careless, but is instead egregious and not satisfactorily explained." *Bricklayers & Allied Craftworkers Local 2,*

*Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (quotations and citations omitted). North South argues the default was not willful because it was not served properly and therefore the Court has not obtained personal jurisdiction over it. (Mot. to Vacate at 1). Specifically, it argues Defendant Islam, who is the sole principal of North South, "moved to a different address two years ago and no longer live[s] there," and it was not properly served through him. (*Id.*). This argument has no merit. Winwear served a copy of the summons and Complaint upon North South by delivering a copy of the documents to the New York Secretary of State on September 29, 2022. (Aff. of Service filed Oct. 6, 2022, Dkt. No. 7). Under the Federal Rules, a corporation may be served in accordance with the law of the state where the federal district court sits. Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). And under New York law, the Secretary of State is the designated agent for service on corporations, and service "shall be complete when the secretary of state is so served." N.Y. Bus. Corp. Law § 306(b)(1). It is a corporation's obligation to ensure its corporate records on file with the Secretary of State, including the address of an agent to receive process, are current. *Martinez v. Feliks & Son Storage Tank Corp.*, No. 21-CV-3613, 2022 WL 18859073, at *3 (E.D.N.Y. Nov. 1, 2022), *report and recommendation adopted*, Order (Nov. 22, 2022). Service upon North South was therefore properly effectuated on September 29.

Nonetheless, "[t]he failure of a defendant to update its address with the Secretary of State is, by itself, insufficient to render a default willful." *Llolla v. Karen Gardens Apartment Corp.*, No. 12-CV-1356, 2016 WL 233665, at *2 (E.D.N.Y. Jan. 20, 2016) (adopting report and recommendation); *e.g.*, *Walden v. Lorcom Techs., Inc.*, No. 05-CV-3600, 2007 WL 608151, at *3 (E.D.N.Y. Feb. 23, 2007) ("Although Walden correctly argues that the default flowed from Lorcom's own carelessness and negligence in not

2

keeping its address, and the address of its registered agent, current with the N.Y. Secretary of State, that does not mean that Lorcom's default was willful[.]" (quotations and citations omitted)). Factors relevant to a determination of willfulness include "whether defendant knew that plaintiff had a claim against it, whether defendant had actual notice of the action, and whether defendant promptly moved to vacate default upon notice of the action." *Wilson v. WalMart Store, Inc.*, No. 15-CV-4283, 2016 WL 11481723, at *4 (E.D.N.Y. Aug. 22, 2016), *report and recommendation adopted*, 2016 WL 5338543, at *2 (Sept. 23, 2016). Here, North South contends it received notice of the suit in March 2023, retained counsel on April 13, and reached out to Winwear's counsel on April 21 to obtain its consent to vacate the default and engage in settlement discussions. (Mot. to Vacate at 1–2). Additionally, there is no evidence to suggest North South deliberately attempted to hide its address, or that it knew of Winwear's claim against it and was seeking to avoid service. Indeed, Defendants contend they "have never been in contact with Plaintiff concerning the goods at issue" until they received the Complaint. (*Id.* at 2). The Court therefore finds the default was not willful. *See, e.g.*, *Llolla*, 2016 WL 233665, at *3 (finding lack of willfulness where the defendant did not have actual notice of the suit, and promptly moved to vacate upon learning of the action).

The lack of willfulness is underscored by the fact that Islam—the sole principal of North South—was never properly served. (*See* Mot. to Vacate at 1). Winwear did at one point obtain a default against Islam, (Dkt. No. 27), but after the Court directed Winwear to identify Islam's citizenship—for the purposes of establishing that diversity jurisdiction exists—Winwear, unable to do so, dismissed the case against him. (Notice of Voluntary Dismissal dated Apr. 14, 2023, Dkt. No. 31). And in Winwear's opposition

3

to North South's motion to vacate, it concedes the point. (Reply in Opp'n dated May 10, 2023 ("Reply in Opp'n"), Dkt. No. 37 at 3). In such circumstances, where the principal is not properly served, it is appropriate to conclude that the default against the corporation, even if it is properly served, is not willful. *See, e.g., Lu v. Nisen Sushi of Commack, LLC*, No. 18-CV-7177, 2022 WL 16754744, at \*6 (E.D.N.Y. Aug. 29, 2022) (finding lack of willfulness and vacating default judgment as to corporate defendant, despite proper service upon the Secretary of State, where individual defendant—a manager and member of the corporation—denied receiving complaint and summons both individually and in his capacity as agent for the corporation), *report and recommendation adopted*, 2022 WL 4597436, at \*3 (Sept. 30, 2022).

As to the second factor, Winwear argues it will be prejudiced because it has "expended energy and time to move this matter forward . . . and [it] will be relegated back to square one, having lost seven months." (Reply in Opp'n at 3). These conclusory assertions have no merit. For one thing, any loss in time is potentially compensated by available pre-judgment interest, should Winwear recover, depending on which law governs. *Terwilliger v. Terwilliger*, 206 F.3d 240, 249 (2d Cir. 2000) ("The award of prejudgment interest is a substantive issue governed here by [state] law. . . . 'Under New York law, prejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract.'" (quoting *Graham v. James*, 144 F.3d 229, 239 (2d Cir. 1998))). In any event, mere "delay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (quotations and citations omitted). Winwear has not made any such showing.

And third, North South is prepared to promptly file an answer and proceed with litigation, which indicates that a meritorious defense may be present. Winwear contends that North South cannot defend against its claims because, notwithstanding its lack of knowledge of the forged bills of lading, it received (and failed to pay for) Winwear's goods. (Reply in Opp'n at 3). Winwear mistakenly attempts to substitute its view of the ultimate merits for the far-lower standard on a motion to vacate default. *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage. A defense is meritorious if it is good at law so as to give the factfinder some determination to make." (quotations omitted)); *Patrick v. Local 51, Am. Postal Workers Union, AFL-CIO*, No. 19-CV-10715, 2021 WL 1092505, at *3 (S.D.N.Y. Mar. 22, 2021) ("The Court stresses that the threshold to establish a meritorious defense for the purposes of vacating a certificate of default is low and that the Court's finding that a defense is meritorious under this analysis does not mean that Defendants will ultimately prevail."). North South alleges that it was a third party that ordered the goods and forged the invoices, and it therefore is not liable. (Mot. to Vacate at 2). This defense may not prevail in the end (but Winwear cites no law suggesting that it fails as a matter of law); however, that does not mean that a potential defense is not present, such that the Court should permit Winwear to prevail without giving North South an opportunity to defend. The Court's preference is to resolve cases on the merits, not on default. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (noting that the Second Circuit has "expressed a strong preference for resolving disputes on the merits" (quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001))). This factor, like all the others, therefore counsels in favor of vacating the default.

The Court therefore directs the Clerk of Court to vacate the entry of default against North South.[1]

Defendant North South shall answer, move, or otherwise respond to the Complaint by June 14, 2023.  Should attorney Bingchen Li intend to continue representing Defendant North South, he is directed to file a notice of appearance and ensure that he receives electronic notification of activity in this case.  In addition, an in-person status conference will be held on June 29, 2023 at 1:00 P.M. in Courtroom 13C South before Magistrate Judge Sanket J. Bulsara.  The parties are directed to file a revised joint schedule for the completion of discovery in this case by no later than June 26, 2023.

SO ORDERED.

/s/ *Sanket J. Bulsara*  May 31, 2023
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

---

[1] The amended motion for default judgment against North South, (Dkt. No. 32), is denied as moot, because it was superseded by the present motion.