UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WINWEAR LTD.,

              Plaintiff,

-against-

NORTH SOUTH U.S. INC., d/b/a
NORTH SOUTH TRADING, d/b/a
NORTH SOUTH LLC,

              Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
22-CV-5418 (CBA) (TAM)

**AMON, United States District Judge:**

      Before me is the report and recommendation of the Honorable Taryn A. Merkl, United States Magistrate Judge, concerning Plaintiff Winwear Ltd.'s motion for default judgment against Defendant North South. (ECF Docket Entry ("D.E.") # 55 ("R&R").) For the following reasons, I adopt her well-reasoned report and recommendation in full.

      On September 12, 2022, Plaintiff filed suit for breach of contract and other claims against North South, Mohammed Islam, Citi Freight Logistics Inc., and Does 1 through 10. (D.E. # 1.) Plaintiff filed an initial default judgment motion against Defendants Islam and North South on November 18, 2022. (D.E. # 17.) The Honorable Sanket J. Bulsara, then the presiding United States Magistrate Judge,[1] recommended that I deny Plaintiff's motion without prejudice to renew pending resolution of its case against Citi Freight Logistics, Inc. (D.E. # 19.)

      Defendants Islam and Citi Freight were subsequently dismissed from the case. (D.E. ## 30, 31.) After North South failed to respond to multiple court ordered deadlines and stopped taking part in the litigation, Plaintiff moved for default judgment on September 16, 2024. (D.E. # 52.) I

---

[1] After Judge Bulsara was elevated to United States District Judge, Magistrate Judge Merkl was assigned to this case as Magistrate Judge. (Text entry dated Dec. 23, 2024.)

1

referred that motion to Magistrate Judge Merkl for report and recommendation (Order dated Jan. 14, 2025) and on May 2, 2025, she issued her report and recommendation.

Magistrate Judge Merkl recommended granting Plaintiff's motion for default judgment for the breach of contract claim but not for the fraud and conversion claims. (R&R at 15-16.) Magistrate Judge Merkl also recommended that Plaintiff be awarded (1) $277,046.40 in damages, (2) $402.00 in costs, and (3) post-judgment interest at the statutory rate, pursuant to 28 U.S.C. § 1961(a), calculated from the date the Clerk of Court enters judgment in this action until the date of payment. (Id. at 20, 22.)

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). No party has objected to the R&R, and the time for doing so has passed. After reviewing the record and finding no clear error, I adopt the R&R in full. The Clerk of Court is respectfully directed to enter judgment consistent with this Order.

SO ORDERED.

Dated: July 23, 2025
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

2